[No. 12373. Department One. March 22, 1915.]

E. M. PRENTISS *et al.*, *Appellants*, v. OTTO BOGART *et al.*, *Respondents*.[1]

HUSBAND AND WIFE—MISCONDUCT OF HUSBAND—LIABILITY OF WIFE. A wife is not liable for acts of her husband amounting to malicious prosecution and false imprisonment.

FALSE IMPRISONMENT — MALICIOUS PROSECUTION — PARTIES LIABLE. Threats made by a creditor, showing malice or motive harbored against the debtor, would not render him liable for false imprisonment or malicious prosecution, committed by a trustee in bankruptcy, where there was nothing to show that the malice of the creditor controlled or contributed to the act of the trustee.

MALICIOUS PROSECUTION—PARTIES LIABLE—PROBABLE CAUSE. Under Rem. & Bal. Code, § 2601, defining larceny as the taking of property with intent to deprive or defraud the owner thereof, and Rem. & Bal. Code, 2303, defining an owner as any person who has a general or special property, in the whole or any part thereof, or the lawful possession thereof, either actual or constructive, a trustee in bankruptcy, in possession of property claimed and later decided to be exempt, is entitled to maintain his possession until the referee's finding is reversed; and hence has probable cause for instituting a prosecution for larceny thereof against the owner who took the same in an unlawful way.

SAME—WANT OF PROBABLE CAUSE—REMEDY BY CIVIL ACTION. The fact that a person resorts to the criminal courts for the theft of an article, when he might have had recourse to a civil action for its recovery, cannot be urged by the accused as want of probable cause for the prosecution.

[1]Reported in 147 Pac. 39.

16—84 WASH.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered June 2, 1914, upon granting a nonsuit, dismissing an action for malicious prosecution, tried to the court and a jury. Affirmed.

*C. H. Graves,* for appellants.

*Stiger & Dally,* for respondents.

CHADWICK, J.—Many facts are brought into this case by counsel, but from the view we take of it it will not be necessary to recite all of their troubles. It is enough to say that appellant Prentiss, who will be referred to as appellant, being indebted to the Park Place Produce Company, and being subjected to legal process for the collection of their debt, made a voluntary assignment in bankruptcy. Part of his personal property consisted of a wagon. This he claimed to be exempt. The referee in bankruptcy held it to be not exempt. The trustee in bankruptcy, the respondent E. P. Walker, demanded possession of the wagon on the evening of the 24th of June. Possession being refused, under the advice of counsel and upon the theory that the goods were exempt, the trustee took manual possession and left the wagon at or near the place of the Park Place Produce Company. At about six o'clock on the next evening, it was discovered standing in the road by appellant. About eleven o'clock that night appellant hitched his team to the wagon and took it away. On the next morning the trustee again demanded possession. Appellant refused to surrender the wagon to the trustee, whereupon respondent Walker caused a charge of petit larceny to be lodged against appellant. He was arrested, tried by a jury, and acquitted by the justice of the peace having jurisdiction of the case. This action was brought to recover damages for malicious prosecution and false imprisonment.

Before we take up the real merit of the case, we desire to say that we know of no rule, and none has been suggested to us, that would warrant the court in holding the wives of the

respondents liable. They were properly exonerated by the court below.

Appellant undertakes to hold the respondent Bogart by showing certain threats made by him, when endeavoring to collect the debt due the Park Place Produce Company, Bogart being the manager thereof. Whatever malice or motive Bogart may have harbored against plaintiff, there is nothing in the testimony to show that it in any way controlled or contributed to the act of the respondent Walker. We agree with the trial judge that Bogart was not liable to answer for false imprisonment or malicious prosecution.

Having disposed of three of the appellants' contentions, the only inquiry remaining is whether the judgment of the trial court was a proper judgment with reference to the respondent Walker.

It is appellant's contention that the property was exempt and that he had title to it; that this fact was known, or should have been known, to the respondent Walker, and inasmuch as the Federal district court, upon an appeal to it from the finding of the referee, thereafter reversed that finding and adjudged the property to be exempt, respondent cannot now say that there was probable cause. The trial judge properly held that, although title was at that time legally in the plaintiff, the trustee nevertheless had a special property which he could protect by any of the means or methods which the law makes available. However the case in bankruptcy was ultimately decided, the property was *in custodia legis* at the time appellant took it from the trustee.

Admitting, for the sake of argument, that respondent would not be heard to urge a defense of probable cause if the arrest had been made under the old statutory definition of petit larceny, or as it was defined at common law, we think there can be no question that there was sufficient to sustain the defense of probable cause under our present definition of larceny and petit larceny. Rem. & Bal. Code, §§ 2601, 2605 (P. C. 135 §§ 695, 703).

Larceny is defined as the taking of property with intent to deprive or defraud the owner thereof. Laws of 1909, p. 997, § 349 (Rem. & Bal. Code, § 2601). An owner is any person who has a general or special property in the whole or any part thereof, or the lawful possession thereof, either actual or constructive. Laws of 1909, p. 902, § 51, par. 16 (Rem. & Bal. Code, § 2303).

At the time the trustee took possession of the property under the ruling of the referee, he was the owner of it and entitled to maintain his possession as against all the world, until the finding of the referee was reversed by a court of competent jurisdiction. Having invaded the right of the owner in an unlawful way, appellant made himself subject to the charge; or, in other words, there was probable cause.

We have not overlooked the contention of plaintiff that it was the duty of the trustee to begin a civil action for the recovery of the wagon, and that he should not be sanctioned in his resort to the criminal side of the court. It is a sufficient answer to this contention to say that, where a man pursues a remedy that is open to him under the law, he cannot be charged because he might have pursued some other remedy more favorable to his adversary. Nor does it well become plaintiff to make this contention. Had he pursued his right upon the civil side instead of taking the property in the manner in which he did, the courts would not have been burdened with this controversy.

Other questions are discussed that might be material if there were sufficient evidence to connect respondent Bogart with the arrest of appellant. He being exonerated, they will require no discussion.

Affirmed.

MORRIS, C. J., PARKER, HOLCOMB, and MOUNT, JJ., concur.